UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERONE ALLEN HUFFMAN-KING,

      Petitioner,                                                  Case No. 1:07-cv-19

v.                                                                  HON. JANET T. NEFF

KENNETH T. McKEE,

      Respondent.

_____/

**OPINION**

This is a habeas corpus proceeding brought by a state prisoner under 28 U.S.C.§ 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition concluding that Petitioner's claims do not have merit (Dkt 40 at 2). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner outlines three main holdings to which he objects, under which Petitioner enumerates specific arguments (Dkt 41). First, petitioner objects to the Magistrate Judge's determination that the use of shackles during the trial was justified (Dkt 41 at 1). Specifically, Petitioner argues that the Magistrate Judge incorrectly determined that there is Supreme Court

precedent to support this conclusion (Dkt 41 at 3).  This argument is without merit.  The Magistrate Judge correctly found the *Deck* Court determined that "[t]he law has long forbidden" the use of shackles on a criminal defendant absent the presence of a special need.  *Deck v. Missouri*, 544 U.S. 622, 626 (2005) (Dkt 40 at 30).  Furthermore, the Magistrate Judge correctly concluded that it is clearly established that the Due Process Clause forbids the use of shackles at trial, unless the trial court makes an "individual determination as to its necessity violates due process." *Lakin v. Stine*, 431 F.3d 959, 963 (6th Cir. 2005) (applying *Deck*).  The Magistrate Judge correctly found that the record in this case did reflect a specialized need, in that Petitioner was only shackled after the trial court considered information from law enforcement regarding Petitioner's threats made to deputies in jail (Dkt 40 at 31).  In that same thread, Petitioner objects to the Magistrate Judge's factual determination that there existed a specialized need (Dkt 41 at 2-3).  However, this argument reiterates the same facts that were considered, and rejected, by the Magistrate Judge.  Petitioner does not object to any defect in the Magistrate Judge's analysis.  Therefore, this objection is denied.

Second, Petitioner objects to the Magistrate Judge's determination that there was sufficient evidence to support the jury's verdict on the charge of first-degree premeditated murder (Dkt 41 at 4).  Petitioner reiterates his disagreement with the Magistrate Judge's conclusions, factual determinations, and specifically objects to the Magistrate Judge's use of the phrase "ample evidence" (Dkt 40 at 39).  However, Petitioner misinterpreted the Magistrate Judge's use of the phrase "ample evidence."  Petitioner mistakenly argues that the Magistrate Judge substituted the burden of proof "beyond a reasonable doubt" with "ample evidence" in determining the sufficiency of the evidence in this case.  The Magistrate Judge correctly applied the standard set forth in *Jackson*, which requires the court to examine the evidence, as a whole, to determine if any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In so doing, the Magistrate Judge found that there was ample evidence from which a rational trier of fact could have found Petitioner guilty, beyond a reasonable doubt, of the essential elements of first-degree premeditated murder (Dkt 40 at 39). Therefore, Petitioner's objection is denied.

Next, Petitioner objects to the Magistrate Judge's determination that Petitioner's challenges to the evidence supporting a conviction for first-degree felony murder are moot (Dkt 40 at 39). Specifically, Petitioner points the Court's attention to an order of the Court of Appeals for the State of Michigan, dated June 27, 2002, wherein the Court of Appeals "order[ed] on its own motion that this matter be remanded for correction of the judgment of sentence" to reinstate the felony-murder theory (Dkt 41 at Appendix (c)(1), (2)). Because the first-degree felony murder theory has been reinstated, Petitioner argues, his objection to the sufficiency of the evidence supporting this conviction is not moot (Dkt 41 at 4).

In addressing this objection, this Court conducted a thorough review of the record. The record reveals that on March 19, 2001, Petitioner was convicted by a jury of one count of Felony Firearm, MICH. COMP. LAWS § 750.227(b); one count of Carrying a Concealed Weapon, MICH. COMP. LAWS § 750.227; and First Degree Murder, MICH. COMP. LAWS § 750.316. The charge of first degree murder was supported by two alternative theories: premeditation and deliberation under MICH. COMP. LAWS § 750.316(1)(a) and felony-murder under MICH. COMP. LAWS § 750.316(1)(b) (Sentencing Transcript ["ST"] at 4). The trial judge sentenced Petitioner only for first-degree premeditated murder, vacating the alternative theory of felony-murder, presumably under the assumption that it would be a violation of the Double Jeopardy Clause to have both felony-murder

3

and first-degree premeditated murder on the judgment of sentence (ST at 4-5, 10). In a Brief in Opposition of Defendant's Delayed Application for Leave to Appeal submitted by the government, dated May 3, 2002, the government requested that the Court of Appeals remand the case to the trial court in order to correct the judgment of sentence to specify that Petitioner's conviction was for one count of first-degree murder supported by two theories: felony-murder and premeditated murder (Brief at 13). On June 27, 2002, the Court of Appeals ordered that the case be remanded for correction of the judgment of sentence (Dkt 41 at Appendix (c)(1)).

Contrary to Petitioner's objection, the reinstatement of the alternative felony-murder theory does not affect Petitioner's conviction. Rather, Petitioner's conviction is sustainable if either theory, premeditated murder or felony-murder is sustainable. *See People v. Biglow* (*Amended*), 581 N.W.2d 744, 746 (Mich. Ct. App. 1998) (holding that the two theories of premeditated murder and felony-murder should simply be merged into one conviction of first-degree murder). Petitioner's objection is therefore denied.

Third, Petitioner objects to the Magistrate Judge's conclusion that his right to a fair trial was not violated by alleged prosecutorial misconduct during final argument (Dkt 41 at 5). Specifically, Petitioner asserts that the Magistrate Judge failed to rely on "clearly established Supreme Court precedent" in making this determination (Dkt 41 at 5). This argument is without merit. The Magistrate Judge correctly concluded that the Court in *Donnelly* found that "[t]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor" (Dkt 40 at 40). *Donnelly v. DeChirstaforo*, 416 U.S. 637, 643 (1974). The Magistrate Judge properly concluded that the Supreme Court has never condemned, under due process principles, prosecutorial "vouching" (*Id.* at 41-42). Therefore, Petitioner's objection is denied.

4

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


DATED: March 2, 2010                      /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge